45461.   SCOTT v. THE STATE.

SUBMITTED JULY 10, 1970—DECIDED JULY 16, 1970.

*Benjamin R. Martin, Jr., A. A. Nathan,* for appellant.
*W. Glenn Thomas, Jr., District Attorney,* for appellee.

DEEN, Judge. ■ The main thrust of this appeal is directed to the contention that under the mandate of the Fourth Amendment, as also under *Code Ann.* § 27-303, the search warrant must particularly describe the things to be seized as otherwise it would be a mere general warrant and void; that from this it follows that items not described in the warrant do not come within its ambit and their introduction in evidence is reversible error. We do not have the problem discussed in *Strauss v. Stynchcombe,* 224 Ga. 859 (2) (165 SE2d 302) where the question was whether the warrant was too broad and left to the officers' arbitrary determination whether or not to take the defendant's personal records. Nor have we the problem posed by Stanley v. Georgia, 394 U. S. 557 (89 SC

1243, 22 LE2d 542), where the search warrant authorized the seizure of materials used in an illegal wagering business, and the officers after protracted investigation of moving picture films determined that they contained obscene matter and prosecuted for the latter offense. Neither can the warrant be ignored on the basis that the articles were properly seized even without a warrant based on a search incident to a lawful arrest. Whatever the previous rule, it is settled in Chimel v. California, 395 U. S. 752 (89 SC 2034, 23 LE2d 685), that, except under exigent and unusual circumstances, the search incident to arrest can be held reasonable only for the purposes of preventing the defendant from access to a weapon or evidence which he may be desirous of destroying, and this usually limits the search to the defendant's person and clothing, and that very narrow area surrounding him where he might reach even though under restraint. Certainly it would not include a room other than the room in which he was located.

The law is less clear where, in the process of an otherwise legal search of the premises for certain instrumentalities of crime (in this case, drugs and surgical instruments used in performing illegal abortions) the officers find exposed in plain view other articles which also constitute instrumentalities or evidence of the crime for which probable cause has been shown in the issuance of the warrant. It has many times been recognized the officers are not required to ignore that which is in plain view and readily observable (*Strauss v. Stynchcombe,* 224 Ga. 859, supra; State v. Brant, 260 Iowa 758 (150 NW2d 621); State v. Dillwood, 183 Neb. 360 (160 NW2d 195); State v. Twitty, 18 Ohio App. 2d 15 (246 NE2d 556)) and that their seizure under these circumstances does not make them the fruit of an unlawful search, since, being in plain view, no search is involved. Here, of course, the search was lawful and it is the seizure—or the introduction in evidence as a result of the seizure—which is questioned. Where the articles seized are contraband, stolen, or "instrumentalities of crime" the question seldom arises. Even under common-law principles this right was recognized. See Gouled v. United States, 255 U. S. 298 (41 SC 261, 65 LE 647). However, in Warden v. Hayden, 387 U. S. 294, 300 (87 SC 1642, 18 LE2d 782), the distinction between those articles which are "instrumentalities of crime" and those which are

"mere evidence" was wiped out. "The distinction made by some of our cases between seizure of items of evidential value only and seizure of instrumentalities, fruits, or contraband has been criticized by courts and commentators. . . We today reject the distinction as based on premises no longer accepted as rules governing the application of the Fourth Amendment." Id., p. 300. We recognize that there is a distinction between the Hayden case, where articles of evidentiary value were seized on a search validated by the hot pursuit doctrine and without a warrant, and this case where a warrant issued, and it may well be argued that, there being time for obtaining a warrant, it should be limited by the terms on which it was granted. In this case, however, the items were so obvious to the eye and so closely connected with the crimes for which the arrest warrants issued, that we hold their seizure to have been reasonable. "That the nature of the offense for which the accused is arrested has an important bearing upon what objects may be seized as incidental to the arrest is demonstrated in Cooper v. California, [386 U. S. 58, 17 LE2d 730]." *Abrams v. State,* 223 Ga. 216, 221 (154 SE2d 443). The defendant was not a doctor, but he was listed in the telephone book as "Dr. H. B. Scott." The prosecutrix called him by telephone, saw the forged medical diploma in his office, had the anatomical drawings discussed with her in connection with the procedures to be used, testified to the fact that the defendant took her blood pressure, used rubber gloves, had her lie on the examination table, a picture of which was in evidence, etc. Since these items were for the most part in plain view and therefore not technically the result of a search, and since their evidentiary value is apparent we cannot, in view of the Hayden case reverse on the sole ground that they were not properly contraband or fruits of crime. We do not, however, by this ruling condone exploratory searches of the sort proscribed by Stanley v. Georgia, 394 U. S. 554, supra. The motion to suppress was properly denied.

■ Where the prosecutor asked and received permission to have a special agent of the State Examining Division present in the courtroom to help him with the trial of the case, the question of his remaining after the rule for sequestration of witnesses was invoked was within the discretion of the trial court. *Jones v. State,*

75 Ga. App. 610 (44 SE2d 174). The record is devoid of any matter which would give rise to the inference that this witness prompted others in their testimony as contended. We reiterate that it is the better practice, however, where a witness is exempted from the rule to offer his testimony prior to that of other witnesses on the same side of the case.

■ The statement of the prosecutrix that she called the defendant because she heard he was a doctor, and the statement of a police officer who signed an affidavit that he did so on the basis of information received from a third party are not objectionable as hearsay. *Code* § 38-302.

■ The evidence of the girl upon whom the abortion was performed, supported by that of her mother who accompanied her to the defendant's office, amply supports the conviction. Since the defendant was tried on an indictment returned by the grand jury and the record shows no objection to a nunc pro tunc entry on the arrest warrant and no facts upon which a finding of illegal detention could be made, enumerations of error 10 and 14 are not passed upon.

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*