## 47147. REED v. THE STATE.

STOLZ, Judge. This is an appeal from an order overruling the defendant's pre-trial motion to suppress evidence obtained as a result of a search of the defendant's automobile with a search warrant. *Held:*

1. The description in the search warrant of the place to be searched, "a 1971 Ford, 4 dr. Sdn., dark green over light green, bearing 1971 Georgia tag, Troup County #LRK 645 in Houston County, Georgia," was sufficient to discribe the "place" to be searched, wherever it might be found, regardless of the fact that it did not specify the location of the automobile, i.e., locked up and impounded in a locked commercial wrecker lot by law officers after it was involved in a collision. "It is enough if the description sufficiently permits a prudent officer with a search warrant to be able to locate the person and place definitely and with reasonable certainty. *Steele v. State,* 118 Ga. App. 433, 434 (164 SE2d 255); Steele v. United States, 267 U. S. 498, 503 (45 SC 414, 69 LE 757)." *Fomby v. State,* 120 Ga. App. 387 (170 SE2d 585).

2. Probable cause was properly found to exist from the affiant's statements to the effect that the defendant was lawfully arrested by a State patrolman following the defendant's one-car collision; that the defendant had been taking dope earlier in the day; and that, at the scene of the accident, the affiant "observed a plastic bag in the

auto owned by Reed, sticking out from under the front seat, partially covering the rear floor, the bag contained a green leafy substance, having the appearance of marijuana," notwithstanding the fact that all but the last fact recited therein came to the affiant upon information furnished by others, and that such facts were not within the personal knowledge of the affiant. *Strauss v. Stynchcombe,* 224 Ga. 859 (2a) (165 SE2d 302); *Register v. State,* 124 Ga. App. 136 (183 SE2d 68). Since the evidence was in plain view (see *Barron v. State,* 109 Ga. App. 786, 787 (137 SE2d 690); *Scott v. State,* 122 Ga. App. 204 (1) (176 SE2d 481); *Lofton v. State,* 122 Ga. App. 727 (178 SE2d 693)), the officer might just as reasonably have carried out an immediate search without a warrant as wait some four hours to present the probable cause issue to the magistrate to obtain a warrant, as he did. *Whitlock v. State,* 124 Ga. App. 599, 602 (185 SE2d 90), citing Carroll v. United States, 267 U. S. 132 (45 SC 280, 69 LE 543, 39 ALR 790).

3. *Code Ann.* § 27-313 (a) (2) (Ga. L. 1966, pp. 567, 571), here applicable, makes no provision for pre-trial suppression of evidence on any grounds other than that "[t]he search and seizure with a warrant was illegal because the warrant is insufficient on its face; there was not probable cause for the issuance of the warrant; or, the warrant was illegally executed." On an appeal from the overruling of a motion to suppress evidence, this court is limited to a consideration of these statutory grounds contained in the defendant's written motion. See *Hawkins v. State,* 117 Ga. App. 70 (159 SE2d 440); *Raines v. State,* 123 Ga. App. 794 (182 SE2d 491). Enumerated errors 1, 2, 3, 5, and 6 all pertain to alleged errors occurring subsequent to the search and seizure with the warrant, which alleged errors are not contained in the motion; therefore, they cannot be ruled on.

The trial judge properly overruled the motion to suppress evidence.

*Judgment affirmed. Bell, C. J., and Evans, J., concur.*

SUBMITTED MAY 1, 1972—DECIDED MAY 17, 1972.

*Nixon & Nixon, John P. Nixon,* for appellant.
*R. Avon Buice, District Attorney,* for appellee.