## 29827. THOMAS v. THE STATE.

PER CURIAM.

This is an appeal from a conviction for rape and a fifteen-year sentence. Three errors are enumerated in this court. Having reviewed the record, we conclude that all three enumerated errors are without merit, and the judgment must be affirmed.

1. The first enumerated error complains of the admission of evidence, over objection, tending to show that the appellant committed an offense wholly independent of that for which he was being tried. During the course of the trial a "surprise witness" came to the attention of the district attorney. This witness testified that she was the victim of similar treatment by the accused on a prior occasion to that for which he was being tried in the instant case. The name and address of this witness had not been furnished to the defendant prior to trial, but the district attorney stated in his place that the testimony sought to be presented by the witness was

newly discovered and that opposing counsel had been made aware of the identity of the witness immediately upon learning that she possessed information relevant to the case on trial. Under the facts stated in this record, it was not error to permit this witness to testify. *Scott v. State,* 230 Ga. 413 (197 SE2d 338) (1973).

Acknowledging that *Hunt v. State,* 233 Ga. 329 (211 SE2d 288) (1974), holds otherwise, the appellant urges that the testimony elicited from this "surprise witness" was inadmissible under the rule laid down in *Larkins v. State,* 230 Ga. 418 (197 SE2d 367) (1973). We need only say here that *Hunt* overruled *Larkins* and *Hunt* now sets forth the applicable rule. Since the evidence elicited from the witness in this case "would show the intent, motive, plan, scheme, and bent of mind of the appellant, and was relevant on the issue of whether or not the prosecutrix consented to the sexual acts," its admission was not erroneous.

2. The second enumerated error complains of the victim's description of the details of the alleged rape reported by her to an officer, such testimony by the officer of the reported details being hearsay and not within any recognized exception to the hearsay rule.

The facts contained in this record show that the rule laid down in the second division of *Price v. State,* 233 Ga. 332, 334 (211 SE2d 290) (1974), is applicable, and the details of the complaint or report to the officer were admissible in evidence.

3. The third enumerated error complains that the trial judge severely restricted defense counsel's cross examination of the victim of the alleged crime in violation of Code § 38-1705.

The trial judge merely restricted cross examination by defense counsel upon objection by the district attorney. In doing so he properly followed the decisions of this court in *Lynn v. State,* 231 Ga. 559 (203 SE2d 221) (1974), and *Price v. State,* 233 Ga. 332, supra. The victim of an alleged rape may not be cross examined as to specific acts of prior sexual intercourse with men other than the accused.

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents from Division 1 and from the judgment.*

Submitted April 8, 1975 — Decided June 24, 1975.

Robert D. Peckham, Jack H. Affleck, John W. Timmons, Jr., for appellant.

Harry N. Gordon, District Attorney, James Wilson Smith, Assistant District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, for appellee.