72485. WIMBERLY v. THE STATE.
. (348 SE2d 692)

SOGNIER, Judge.

Appellant was convicted of rape and appeals.

1. Appellant contends the trial court erred by admitting evidence of similar offenses, on the ground that there was no similarity between the independent offenses and the offense charged. Thus, appellant argues that his character was improperly placed in issue by the State.

According to the testimony of the victim, appellant, who was engaged to the victim's twin sister, asked the victim to give him a ride home. The victim testified further that she drove appellant to his apartment and on arrival, appellant took the victim's car keys, grabbed her wrists and dragged her into appellant's apartment. Appellant threatened the victim with a tear-gas cannister which he had taken from her, forced her to disrobe, and had intercourse with her forcibly and against her will.

Evidence of the two similar offenses disclosed that on both occasions, appellant accosted the victims at gunpoint — one while she was walking to school at 6:00 a.m., and the other while she was waiting for a bus to go to work at about the same time of the morning. On each occasion appellant forced the victims into a nearby wooded area, made them disrobe, and had intercourse with them forcibly and against their will. Both incidents occurred in the same apartment complex, and both offenses occurred in 1973. In each case, the victims were unknown to appellant.

Before evidence of similar offenses is admissible, two criteria must be met. First, it must be shown that appellant was the perpetrator of the similar offenses, and second, there must be sufficient similarity or connection between the independent crimes and the offense charged that proof of the former tends to prove the latter. Davis v. State, 249 Ga. 309, 311 (1) (290 SE2d 273) (1982). There is no question that appellant was the perpetrator of the prior offenses. However, we find no similarity or connection between the independent crimes and the offense charged (other than the nature of the offense) whereby proof of the former tends to prove the latter. In Bacon v.

*State*, 209 Ga. 261, 262 (71 SE2d 615) (1952), the court pointed out that it is universally recognized that the general rule is that on prosecution for a particular crime, evidence which in any manner shows, or tends to show, that the accused has committed another crime wholly independent from that for which he is on trial, *even though it be a crime of the same sort*, is irrelevant and inadmissible. See also *Davis v. State*, 115 Ga. App. 338, 340 (1) (154 SE2d 462) (1967). In the instant case the victim was well known to appellant, and voluntarily drove him to his apartment at his request. In the former cases, the victims were unknown to appellant, who accosted them at gunpoint on the street and forced them into a wooded area. Thus, we do not find sufficient similarity or connection between the offenses in 1973 and the offense charged to meet the criteria set forth in *Davis v. State*, 249 Ga. 309, supra. In order for evidence of independent crimes to be admissible, there must be some *logical* connection between the independent crimes and the offense charged tending to prove the offense charged, other than by merely showing the bad character of the accused. *Johnson v. State*, 242 Ga. 649, 652-653 (3) (250 SE2d 394) (1978). Defendant's conduct 12 years previously cannot be admitted to prove that he had a depraved or wicked state of mind generally, and in our opinion, the only relevance of the evidence was to show appellant's bad character or criminal propensity. *Walraven v. State*, 250 Ga. 401, 408 (4 (b)) (297 SE2d 278) (1982). Since there was no similarity between the rapes in 1973 and the offense charged, and no logical connection between the prior offenses and the offense charged, the evidence was not admissible as an exception to the general rule that evidence of independent crimes is inadmissible at the trial of the crime charged.

While this court does not determine the credibility of witnesses, in determining whether or not the error was harmless we must examine the evidence against appellant. Excluding the evidence of prior convictions, the only evidence against appellant was the victim's testimony, and her credibility was attacked sharply by the testimony of several defense witnesses, including the twin sister of the victim. The twin sister testified that after having dinner with the victim in Atlanta, they left in separate cars to return to their respective homes. The victim testified that she drove to her apartment in Riverdale, Georgia, and it was there that appellant was waiting and asked for a ride to his apartment in Atlanta. The twin sister testified that she decided to go to appellant's apartment to pick up some antifreeze appellant (her then fiance) had for her, and arrived at appellant's apartment ten minutes after leaving the victim. At that time, she saw the victim entering the apartment alone. Other witnesses supported appellant's testimony that the victim wanted to borrow money from him and came to his apartment for that purpose. Another witness testified

150

that he went to appellant's apartment to complete some forms he was working on with appellant, and the victim was lying on appellant's bed drinking a beer. Thus, the evidence was in sharp conflict and the evidence of prior convictions may have been the deciding factor in the jury's verdict.

We are aware that the exception to the general rule that evidence of prior offenses is inadmissible has been applied liberally in cases involving sex offenses, and can be used to show malice, intent, bent of mind, etc., of a defendant. *Johnson v. State*, 242 Ga. 649, 653 (3), supra. However, this does not mean that evidence of similar offenses is *always* admissible in cases involving sex offenses; there must also be some logical connection or similarity between the prior offenses and the offense charged. *Larkins v. State*, 230 Ga. 418, 420-421 (2) (197 SE2d 367) (1973), (a rape case where the prior offense occurred seven months earlier). As pointed out in *Bacon*, supra, to hold that such evidence is *always* admissible, whether or not there be any logical connection between the prior offenses and the offense charged, "would be to abolish the general rule, and to establish the exception as the general rule without any exception thereto." Id. at 263-264. The prejudicial effect of evidence concerning independent offenses is the paramount consideration behind the general rule of inadmissibility of such evidence, and if the evidence tends to show a general criminal propensity more than it tends to prove an issue in the case, it should not be introduced to the jury. *Carroll v. State*, 143 Ga. App. 796, 797 (2 (a)) (240 SE2d 197) (1977).

In the instant case, as in *Larkins*, supra, the only issue was whether the act of sexual intercourse was with or without the consent of the prosecutrix. Malice, intent, motive, etc., were not relevant. Considering the sharp conflict in the testimony, we find the admission of the evidence of the two prior offenses was harmful error, and appellant's conviction must be reversed. Id. at 422 (2).

2. In view of our disposition of the enumeration of error discussed in Division 1, it is unnecessary to address the remaining enumerations of error.

*Judgment reversed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 2, 1986.

*Amy Griffith Dever*, for appellant.
Clarence Wimberly, *pro se.*
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Raymond C. Mayer, Deborah W. Espy, Assistant District Attorneys*, for appellee.