## A89A0026. SMITH v. THE STATE.
### (384 SE2d 459)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of possession of marijuana with intent to distribute and obstruction of a law enforcement officer. He brings this appeal from the denial of his motion for new trial and from the judgments of conviction and sentences that were entered on the jury's guilty verdicts.

The sole enumeration is that the trial court erred in denying appellant's motion to suppress. The record shows that officers secured a warrant to search a certain residence. Execution of this warrant resulted in the discovery and seizure of more than nineteen pounds of marijuana. The officers also found, in plain view, deposit slips and checks which bore appellant's name and the address of the residence being searched. Letters which were addressed to appellant at the residence were also found in plain view. These deposit slips, checks and letters were seized and, after the motion to suppress was denied, they were admitted at trial as proof of appellant's occupancy of the residence. Appellant urges that these items were his "private papers" and that, as such, they were not subject to seizure. See OCGA § 17-5-21 (a) (5).

A similar contention was raised in *Ledesma v. State*, 251 Ga. 885 (311 SE2d 427) (1984). In that case, officers had seized a ledger, desk calendars, deposit slips, a business license and an employment contract. As against the contention that these items had been seized in violation of the Fourth Amendment and OCGA § 17-5-21, our Supreme Court held that they were "not private papers. See, McCormick, *Evidence* (2d Ed.), § 170, pp. 380-381. See also, LaFave, *Search and Seizure*, § 2.6 (e), pp. 395-8." *Ledesma v. State*, supra at 890-891. A review of the authorities cited by the Supreme Court in *Ledesma* demonstrates that the concept of "private papers" would include diaries, personal letters, and similar documents wherein the author's personal thoughts are recorded. Here, as in *Ledesma*, supra, however, the items which were seized do not fall into this category. The checks and deposit slips certainly record no one's personal thoughts but merely the fact that the residence was appellant's address for financial purposes. Likewise, the letters were of a business and not a personal nature, they were addressed to and not written by appellant, and it was the name and address listed on the envelopes and not the contents which were incriminating. Accordingly, the trial court did not err in denying the motion to suppress these items.

Appellant's remaining contentions relate to a purported search of his person. It would appear, however, that appellant's enumeration of error, as it is phrased, is limited strictly to the seizure of items from the residence. Accordingly, appellant's enumeration would not be

broad enough to authorize appellate consideration of any issue concerning a search of his person. "An enumeration of error cannot be enlarged to include other issues not made therein." *Reese v. State,* 139 Ga. App. 630, 631 (3) (229 SE2d 111) (1976). Moreover, no tangible physical evidence seized from appellant's person was ever introduced at trial and the error, if any, in denying the motion as to such evidence would be harmless at most. See generally *Bradshaw v. State,* 163 Ga. App. 819 (1) (296 SE2d 119) (1982). Compare *State v. Cochran,* 135 Ga. App. 47 (217 SE2d 181) (1975); *Wallace v. State,* 131 Ga. App. 204 (205 SE2d 523) (1974).

*Judgments affirmed. Deen, P. J., McMurray, P. J., Birdsong, Pope and Benham, JJ., concur. Banke, P. J., Sognier and Beasley, JJ., concur in part and dissent in part.*

BEASLEY, Judge, concurring in part and dissenting in part.

I respectfully dissent with respect to seizure of the papers.

One of the three grounds asserted by defendant for suppression of the evidence was lack of authority to seize papers, which he argues should not have been used by the State as evidence of defendant's occupancy and control of the premises and thus of his possession of the marijuana. Defendant relies on the Federal and State Constitutions and OCGA §§ 17-5-21 and 17-5-28.

He invokes OCGA § 17-5-21 (a) & (b) for the proposition that private papers not listed in the search warrant may not be seized during a lawful search if they are mere evidence rather than contraband or instrumentalities of the crime. From the questioning during the motion hearing just preceding trial, we can just about discern that this ground was raised below, but the absence of a written motion, transcript of argument, or explanatory order leaves this nearly unpreserved for appellate purposes. See *Maddox v. State,* 174 Ga. App. 728, 733 (7) (330 SE2d 911) (1985).

Whether the papers at issue here could have been listed in the warrant under the strictures of subsection (a) (1) is not before us, as the papers were not so listed. Subsection (b) governs, and by its plain language it precludes the "discovering or seizing" of private papers which are simply "tangible evidence" as opposed to contraband.

The papers were not contraband or instrumentalities of the crime charged, as the state witness admitted during the suppression hearing. They were, as he stated, seized because they showed defendant's connection with the residence. Throughout the execution of the warrant defendant had been denying this fact and had fought the officers when they sought to obtain the key which they thought opened the house and which in fact did.

Although defendant cites no cases which construe or apply the Georgia statute in the manner he projects, the words of the statute

support his position. He does cite federal cases predating *Warden v. Hayden,* 387 U. S. 294 (87 SC 1642, 18 LE2d 782) (1967), which cases distinguish between papers listed and those not listed but merely constituting evidence. They relate to the Federal Constitutional protections against unreasonable search and seizure and self-incrimination, as found in the Fourth and Fifth Amendments, not the Georgia statute. However, they put the question here in focus for the purpose of analyzing the Georgia statute, although *Warden* discarded the distinction between "mere evidence" and "instrumentalities" for Federal Constitutional purposes.

The State counters with the argument that such papers were not inadmissible as "mere evidence" as distinguished from "instrumentalities of crime" under the Fourth Amendment, citing as controlling *Warden v. Hayden,* supra. Further, the State argues, the papers were properly seized under the plain view doctrine as set out in *Coolidge v. New Hampshire,* 403 U. S. 443 (91 SC 2022, 29 LE2d 564) (1971). See *Scott v. State,* 122 Ga. App. 204 (176 SE2d 481) (1970).

I do not reach the Federal or the State Constitutional issues (appellant cites but does not argue the State Constitutional ground, Ga. Const. Art. I, Sec. I, Par. XIII) because there is a violation of the state statute and no need to go farther. See "Independent State Grounds: How to Win Through the First Door Out," by Harold G. Clarke, Presiding Justice, Ga. State Bar Journal, Vol. 23, No. 4, 1987; *Wells v. State,* 180 Ga. App. 133, 138 (348 SE2d 681) (1986), special concurrence. Also, appellant does not pursue these provisions or show that either of them have been construed so as to prohibit the seizure of the papers in this case. The mere intoning of the provisions does not call them into play. *Taylor v. State,* 177 Ga. App. 624, 628 (3) (340 SE2d 263) (1986), and Court of Appeals Rule 15 (c) (2).

However, the code section relied upon by appellant provides more stringent protection to one whose property is subjected to a search and seizure. See *Michigan v. Long,* 463 U. S. 1032 (103 SC 3469, 77 LE2d 1201) (1982). OCGA § 17-5-21 forbids a search for the private papers of any person where they constitute merely "tangible evidence" of the commission of a crime, and not the "instrumentalities" of the crime. *Tuzman v. State,* 145 Ga. App. 761, 766 (2) (b) (244 SE2d 882) (1978). Because a warrant could not issue for search of private papers to be used as tangible evidence of the commission of a crime, the fact that the items were in plain view would not impart validity to their seizure. See *Zimmerman v. State,* 131 Ga. App. 793, 794 (207 SE2d 220) (1974), holding that plain view absent probable cause does not equal a lawful seizure. See also 68 AmJur2d 768, Searches & Seizures, § 112. Compare *Jarvis v. Rubiano,* 244 Ga. 735, 736 (2) (261 SE2d 645) (1979).

In *Scott,* supra, on which the State relies, the issue was whether

the search and seizure met constitutional muster and the Georgia code section was not in issue.

*Ledesma v. State*, 251 Ga. 885, 889 (7) (a) (311 SE2d 427) (1984), involved a "ledger reciting drug transactions; two desk calendars recounting drug transactions and the name of a drug courier; deposit slips for Wes-Mer Chemical Company found at appellant Merritt's real estate business; a business license of Wes-Mer Chemical Company; and an employment contract between a third party and Wes-Mer Chemical Company. Both the business license and contract denominated appellant Merritt as a corporate officer in Wes-Mer Chemical Company, . . ." Id. at 890.

No personal letters or other personal papers were included. Moreover, it was the search of a place of business, not a private residence. The Court distinguished these papers as instrumentalities of a crime, which are not precluded from seizure by OCGA § 17-5-21. They were part of the corpus delicti, documents used in connection with the crime of conspiring to sell cocaine. These were documents which helped carry the criminal objective to fruition and were direct evidence of the crime. Also, they were not personal but belonged to a business.

In the present case, the papers contained information about their owner's personal affairs, such as where he banked, to whom he wrote checks and in what amounts, who he telephoned and how much he owed the phone company and others, where and how much he had in a savings account. These were seized as evidence of residence, a perfectly legal status, and not as instrumentalities of crime. They were not part of the criminal act of possession of marijuana with intent to distribute or obstruction of an officer.

The commentators cited in *Ledesma* and referred to in the majority opinion discuss the difference between "business records" and a "diary," referring to the dissent in *Couch v. United States*, 409 U. S. 322, 350 (93 SC 611, 34 LE2d 548) (1973), as well as other personal papers. They concentrate on the degree of the privacy character of the papers (some more private than others), but always in the Federal Constitutional sense. See LaFave, *Search & Seizure*, § 2.6 (e), pp. 491-499. We are dealing with the state statute, which is very specific and is not limited in its reach by the United States Constitution.

The inclusion of LaFave and McCormick as authority for the decision in *Ledesma* indicates a confusion in the distinction between the Fourth Amendment and OCGA § 17-5-21. The latter expressly provides more protection to papers than does the Fourth Amendment. Even with the confusion, the Georgia Supreme Court did recognize that *some* documents are private papers, when it stated: "Furthermore, we hold that these documents are not private papers."

Since I would conclude that the papers seized here were private

papers within the contemplation of the statute, I would hold that the failure to grant the motion to suppress the seizure of defendant's papers and the admission into evidence of the "bag of documents" was error.

I am authorized to state that Presiding Judge Banke and Judge Sognier join in this opinion.

DECIDED JULY 13, 1989.

*Brimberry, Kaplan, Campbell & Donaldson, Ripley Bell, Jr.,* for appellant.

*Hobart M. Hind, District Attorney, J. Mark Shelnutt, Assistant District Attorney,* for appellee.