## A90A1034. TAYLOR v. THE STATE.
(394 SE2d 597)

DEEN, Presiding Judge.

Trent Taylor appeals from his conviction of rape contending that it was error to admit evidence of a prior offense when the sole issue at trial was whether the victim consented to the act of sexual intercourse. *Held*:

In support of his position that the prior offense was not admissible, appellant relies upon *Wimberly v. State*, 180 Ga. App. 148 (348 SE2d 692) (1986), which, in turn, relies upon *Larkins v. State*, 230 Ga. 418, 420 (197 SE2d 367) (1973), for the rule that the similar offenses rule does not apply where the only issue for jury decision is the consent of the prosecutrix. *Wimberly*, supra at 150, holds only that there must be some logical connection or similarity between the offenses. It did not adopt the portion of the *Larkins* decision relied upon by appellant. This portion of *Larkins* was overruled in *Hunt v.*

*State*, 233 Ga. 329, 331 (211 SE2d 288) (1974); and *Thomas v. State*, 234 Ga. 635, 636 (217 SE2d 152) (1975). In *Thomas* the court held that evidence which would show intent, motive, plan, scheme, and bent of mind was relevant as to whether or not the prosecutrix consented to the sexual acts committed upon her by the defendant.

In the instant case, the evidence showed that the victim lived with her small daughter and was awakened at knifepoint by a man who held a knife at her throat and forced her to submit to sexual intercourse. She recognized his voice and the general shape of his features in the dark as those of a man who worked on one of her work crews. The State presented evidence that several years earlier appellant had broken into the home of another woman who also had a small daughter, and was attempting to force her to have sexual intercourse at knifepoint when the police arrived before he completed the act. This evidence showed intent, motive, plan, scheme, and bent of mind, and was relevant as to whether or not the victim consented to having sexual relations with Taylor.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED MAY 14, 1990.

*Cedric T. Leslie*, for appellant.

*Willis B. Sparks III, District Attorney, Graham A. Thorpe, Assistant District Attorney*, for appellee.