### A90A1658. BROWN v. THE STATE.
(398 SE2d 34)

BIRDSONG, Judge.

Dallas Leo Brown appeals his sentence and conviction of two counts of robbery. His sole enumeration is the trial court erred in admitting into evidence appellant's prior armed robbery conviction.

Evidence of other criminal acts of the defendant may be admitted if it is substantially relevant for some other purpose than to show a probability that the defendant committed the crimes on trial merely because he is a man of bad character. *Rich v. State*, 254 Ga. 11, 13 (1) (325 SE2d 761), accord *Robinson v. State*, 192 Ga. App. 32, 33 (383 SE2d 593). Thus, such evidence is not admissible if its *only* effect is to place the defendant's bad character before the jury. *Moore v. State*, 254 Ga. 674, 676 (333 SE2d 605). "Evidence of similar crimes is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, outweighs its prejudicial impact. However, before it is admissible, two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged. Mere lapse of time between the commission of any prior similar crimes and the commission of the offenses currently at trial does not render the evidence automatically inadmissible. Rather, lapse of time is a factor to be taken into consideration when balancing

the probative value of the evidence against its potentially prejudicial impact." (Citations and punctuation omitted.) *Oller v. State*, 187 Ga. App. 818 (2) (371 SE2d 455); see *Robinson*, supra at 34; see *Rich*, supra at 14 (eleven-year lapse of time did not preclude admissibility). Although there must exist "sufficient similarities" within the meaning of the above rule, the two occurrences need not be identical. See *Brown v. State*, 250 Ga. 66, 73 (5) (295 SE2d 727).

In determining whether evidence of similar transactions meets the above admissibility requirements, an appellate court may look to all the competent evidence contained in the record. Compare *Bethay v. State*, 235 Ga. 371, 374-375 (219 SE2d 743) (overruled motion for directed verdict); *Robinson v. State*, 194 Ga. App. 432, 433 (2) (390 SE2d 652), citing *Stapleton v. State*, 235 Ga. 513, 515 (1) (220 SE2d 269) (voluntariness of confession); *Newsome v. State*, 192 Ga. App. 846 (1) (386 SE2d 887), citing *Jones v. State*, 187 Ga. App. 421, 422-423 (370 SE2d 784) (legality of search); *Walton v. State*, 194 Ga. App. 490, 491 (1) (390 SE2d 896) (disclosure of informant's identity); see also *Goins v. State*, 245 Ga. 62 (2) (262 SE2d 818). Among the relevant evidence which may be considered are the admissions of fact, and the reasonable inferences which may be drawn therefrom, made by appellant during his in-court testimony (see generally *Cape v. State*, 165 Ga. App. 825 (303 SE2d 77)), and the certified copy of defendant's plea of guilty to the four counts in the indictment and the four-count indictment, with the averments to each count, in State's Exhibit 1 of the trial record (see *Masters v. State*, 186 Ga. App. 795 (2) (368 SE2d 557)). As a general rule, Georgia law favors admission of any relevant evidence however slight its probative value. *Whisnant v. State*, 178 Ga. App. 742 (1) (344 SE2d 536).

Competent evidence of record reveals the following similarities between the robberies committed in the case sub judice in September 1989, and the previous four armed robberies committed during the months of October and November 1979. Defendant was identified on the record as having pled guilty to the 1979 offenses, and as being one of the men who committed the two alleged 1989 robberies. The robberies all occurred at commercial establishments, which were all "late-night" stores. The stores were all located within the Metro Atlanta area. Appellant was accompanied in the 1989 robberies by one or more co-accomplices; he admitted in court that there were co-defendants in the 1979 cases. A weapon was used in the 1979 armed robberies; no weapon was seen in the 1989 robberies, but the perpetrators asserted they possessed and threatened violence with a weapon. Both as to the 1979 and the 1989 robberies, appellant at least initially denied to the police that he had committed the crimes. At least one store robbed in 1979 and one store robbed in 1989 was a Tenneco store. In 1979, appellant robbed the same Arby's restaurant

twice within a two-week period, thereby exhibiting a willingness to return to the crime scene. In 1989, he returned to the same Majik Market crime scene the same evening and attempted to steal money. Money was stolen in every robbery except the 1989 robbery of beer at the Majik Market, and appellant and a co-accomplice returned to that store the same evening to demand money.

"[I]nitial admissibility of evidence is a matter which rests largely within the sound discretion of the trial judge. [Cit.]" *Masters*, supra at 797. We find no abuse of discretion of the trial court in admitting evidence of prior armed robberies for the limited purpose for which the jury properly was instructed. Appellant's assertions are without merit.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 3, 1990.

*Kenneth D. Kondritzer*, for appellant.

*Lewis R. Slaton, District Attorney, Rebecca A. Keel, Kenneth D. Feldman, Joseph J. Drolet, Assistant District Attorneys*, for appellee.