A91A1194. FRANKLIN v. THE STATE.
(410 SE2d 451)

COOPER, Judge.

Appellant was convicted by a jury of rape and burglary and appeals from the denial of his motion for new trial.

1. Appellant contends that the trial court erred in admitting the State's similar transaction evidence. He argues that the prior offense was not sufficiently similar to the charged offense; therefore, his character was impermissibly placed in issue.

The victim, who was 16 at the time of the incident, testified that on May 26, 1989, she drove a friend to a house where the friend was meeting a group of people who were going to Florida for the Memorial Day weekend. When the victim and her friend arrived, several people, including appellant, were already at the house. The victim knew appellant and was friendly with him. When the group left for Florida, the victim, appellant and a friend of appellant remained at the house. The three drove to the liquor store, returned to the house, then went to Cartersville and picked up other friends before returning to the house at approximately 10:30 p.m. The victim testified that she was

supposed to be home by 9:00 p.m., but was unable to leave because appellant took her car keys and would not give them back to her. Appellant had driven the victim's car to the back of the house earlier and parked it there. The victim continued to ask appellant to give her the keys, but appellant refused to do so until the victim agreed to talk to him. Everyone left the house except appellant and the victim, who were on the front porch. Appellant told the victim that if she came inside and talked he would give her back the car keys. As soon as the victim went inside the house, appellant locked the front door. Appellant then told the victim that if she came in the bedroom and talked he would give her the keys and she could leave. The victim testified that she went along with appellant because she wanted to get her keys, but once they were in the bedroom, appellant raped her. Appellant then allowed the victim to leave, and the victim called the police.

The State called a witness who testified that she met appellant in February 1989, when he visited with her roommate. On one occasion, after appellant had completed his visit, the witness drove appellant back to his house. When she got to appellant's house he told her to pull up behind the house where a camper was parked. As soon as the witness was behind the house, appellant grabbed her keys and would not return them. Appellant told the witness to come get the keys, and she followed appellant inside the camper with the hope of retrieving her keys. As soon as the witness was in the camper, appellant locked the door, tied her up and raped her.

" 'Evidence of other similar crimes by a defendant is admissible if there is "sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. (Cits.)" (Cit.) Such evidence may be admitted to show state of mind or intent of a defendant. (Cit.) "In crimes involving sexual offenses, evidence of similar previous transactions is admissible 'to show the lustful disposition of the defendant and to corroborate the testimony of the victim as to the act charged.' (Cits.)" (Cit.)' [Cit.]" *Meier v. State*, 190 Ga. App. 625, 626 (2) (379 SE2d 588) (1989). Appellant's reliance on *Wimberly v. State*, 180 Ga. App. 148 (348 SE2d 692) (1986) and *Larkins v. State*, 230 Ga. 418 (197 SE2d 367) (1973) in support of his position that the prior transaction was not admissible is misplaced. *Wimberly* relied on *Larkins* for the proposition that the general rule regarding similar transaction evidence does not apply in rape cases where the only issue for the jury to determine is the consent of the victim. "This portion of *Larkins* was overruled in *Hunt v. State*, 233 Ga. 329, 331 (211 SE2d 288) (1974); and *Thomas v. State*, 234 Ga. 635, 636 (217 SE2d 152) (1975). In *Thomas* the court held that evidence which would show intent, motive, plan, scheme, and bent of mind was relevant as to whether or not the [victim] consented to the sexual acts committed upon her by the defendant."

*Taylor v. State,* 195 Ga. App. 634, 635 (394 SE2d 597) (1990). We find that the prior offense was sufficiently similar to the offense charged to be admissible.

2. In his second enumeration of error, appellant contends that the trial court erred in failing to conduct a pre-sentence investigation. Following the jury verdict, the trial judge asked appellant's counsel if he wanted to present any material or any evidence in connection with the sentencing, and appellant's counsel responded that he did not. Therefore, appellant was afforded an opportunity to present evidence in mitigation of punishment and declined to do so. Accordingly, we find no error with the trial court's decision to sentence appellant without conducting a pre-sentence investigation. *Thompson v. State,* 195 Ga. App. 18 (3) (392 SE2d 732) (1990).

Appellant also argues that the trial court erred in considering his prior criminal record in aggravation of his sentence when such evidence had not been made known to appellant prior to trial pursuant to OCGA § 17-10-2 (a). Prior to imposing the sentence the trial judge asked the probation officer if he was familiar with appellant's prison record, and the probation officer responded that he knew that appellant had been on probation on several occasions and that his probation had been revoked. The judge then stated: "I am aware of the fact that . . . [appellant] has been before this Court on other occasions, matters of his probation, that his remainder has been revoked from time to time. He has been to the prison system. I know that if I sentence him to a period of years that the parole board is going to put it on the grid and ascertain a time. . . . My situation here is that . . . I believe, that you have had opportunities here in the Court system to be rehabilitated and to choose a different path, and rather than you choose a different path it has gotten more serious and you have gotten more serious. . . . My purpose is to basically incapacitate you and get you out of this community for the maximum period of time." Appellant made no objection. " 'Any lawful evidence which tends to show the motive of the defendant, his lack of remorse, his general moral character, and his predisposition to commit other crimes is admissible in aggravation, subject to the notice provisions of (OCGA § 17-10-2 (Code Ann. § 27-2503)).' [Cit.] Appellant's failure to object to the fact that the [probation officer] was not sworn or to any lack of notice waives his right to raise such objections. [Cit.]" *Fields v. State,* 167 Ga. App. 816, 818 (4) (307 SE2d 712) (1983).

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1991.

*Bailey & Bearden, J. Lane Bearden,* for appellant.
*Darrell E. Wilson, District Attorney, Paul F. Carden, Assistant*

*District Attorney*, for appellee.