## 35246. JARVIS v. RUBIANO.

NICHOLS, Chief Justice.

Joseph Anthony Thomas Rubiano was convicted of armed robbery and kidnapping. His convictions were affirmed on direct appeal. *Rubiano v. State,* 147 Ga. App. 142 (248 SE2d 207) (1978). The state appeals the reversal by the habeas court of his convictions. This court reverses.

The habeas court found and concluded that retained trial defense counsel was ineffective in three particulars: (1) He hired an unlicensed and untrained person to do investigative work. The victim had told police that the

entitled to a fee or commission for procuring a purchaser unless licensed as a broker, associate broker or salesman.

person she later identified as being Rubiano made reference during the perpetration of the crimes to "Tech." Retained trial defense counsel hired this person to look around the campuses of Georgia Tech and Southern Tech to see if he could find a person fitting the description given to the police by the victim. About $994 of Rubiano's funds were expended in this effort without success. The hiring of a licensed investigator to perform these tasks would have cost between $2,500 and $5,000, according to evidence presented during the habeas hearing. (2) In describing her assailant to the police, the victim made reference to a "silver chain necklace with a silver abstract design medal pendant" that he was wearing. The police searched Rubiano's apartment pursuant to a search warrant that described with particularity, based upon information furnished to the police by the victim, certain items of clothing worn by the perpetrator and the knife used as the weapon during the armed robbery. The necklace was described with particularity in the affidavit for the search warrant, but no mention of it was made either specifically or generally in the search warrant itself. A necklace fitting the description set forth in the affidavit was discovered by the police in plain view during the search, was seized and was displayed to the victim along with other similar necklaces in what aptly has been referred to as a "necklace lineup", and was identified positively by the victim as the necklace worn by her assailant. The habeas court found and concluded that retained trial counsel was ineffective in that "under these circumstances a warrant was required and its [the necklace's] seizure was illegal, and a proper motion to suppress would have required the exclusion of the necklace as evidence and all testimony surrounding it." (3) The habeas court found and concluded that retained trial defense counsel was ineffective in failing to object to the introduction in evidence by the state of the affidavit for the search warrant on the ground that it contained hearsay and its introduction was not harmless error.

1. No citation of authority has been advanced in support of the trial court's conclusion of law that the hiring by defense counsel of an unlicensed and untrained investigator to perform the task of looking for a person

fitting a certain description constitutes ineffective assistance of counsel. This court cannot agree that under the facts of this case, the conduct authorizes a conclusion that trial counsel was legally ineffective. The trial court erred, regardless of which test properly should have been applied to determine the effectiveness of counsel. See *Leggett v. State,* 241 Ga. 237 (244 SE2d 847) (1978); *Banks v. Glass,* 242 Ga. 518 (250 SE2d 431) (1978).

2. The trial court also erred in holding that the seizure of the necklace was illegal, that a proper motion to suppress would have required exclusion from evidence of the necklace and all testimony about it, and that the failure of retained trial defense counsel to make a motion to suppress constituted ineffective assistance of counsel. "The fact that the police officers seized items not listed in the warrant did not render the search a general one or make it unlawful. Code Ann. § 27-303 (e) provides: '. . . when the peace officer is in the process of effecting a lawful search, nothing in this section shall be construed as precluding him from discovering or seizing any stolen or embezzled property, any item, substance, object, thing or matter the possession of which is unlawful, or any item, substance, object, thing or matter other than the private papers of any person which is tangible evidence of the commission of a crime against the laws of the State of Georgia.' Ga. L. 1966, pp. 567, 568." *Pass v. State,* 227 Ga. 730, 734 (6) (c) (182 SE2d 779) (1971). "[I]n Warden v. Hayden, 387 U. S. 294, 300 (87 SC 1642, 18 LE2d 782), the distinction between those articles which are 'instrumentalities of crime' and those which are 'mere evidence' was wiped out." *Scott v. State,* 122 Ga. App. 204, 206 (176 SE2d 481) (1970). The trial court incorrectly applied Coolidge v. New Hampshire, 403 U. S. 443 (91 SC 2022, 29 LE2d 564) (1971), to the facts of this case since it should be perfectly clear that this case does not involve a "planned warrantless search"; rather, it involves a good faith attempt to itemize, particularize, and describe with precision, based upon the statements of the victim, the items of clothing and jewelry worn by her assailant and the knife used to effect the armed robbery, which good faith effort was marred, according to testimony in support of the affidavit, by the failure of the secretary who

prepared both the affidavit and the warrant to list on the warrant the last item listed in the affidavit, that is, the item of jewelry here in issue. United States v. Morell, 524 F2d 550, 555 (2d Cir. 1975); United States v. Jones, 518 F2d 384 (7th Cir. 1975), cert. den. 423 U. S. 997. Retained trial defense counsel testified during the habeas hearing that he had not merely overlooked the potential of a motion to suppress; rather, he had determined that the motion would be denied, because what was involved here obviously was an inadvertent "typo," and had decided he could employ as a trial tactic a question directed to the police witness testifying to the effect that if the necklace was so important, why had it not been listed on the search warrant. These facts should not have led the trial court to a conclusion that trial counsel was ineffective, regardless of the test to be employed for determination of effectiveness of counsel. *Leggett v. State,* supra; *Banks v. Glass,* supra.

3. The trial court also erred in concluding that retained trial defense counsel was ineffective because he did not object to the introduction of the affidavit for the search warrant. Counsel testified that as a part of his trial tactic of using the absence of the necklace on the warrant to ask questions of the police officer during his testimony, he had admitted the search warrant into evidence and did not object when the state sought to introduce the affidavit. Introduction of the affidavit could not have harmed his client since the officer who gave the affidavit was present in court, was subjected to intensive examination and cross examination, and testified to the substance of all matters regarding the necklace that were recited in the affidavit.

*Judgment reversed. All the Justices concur, except Hill, J., who dissents.*

SUBMITTED AUGUST 10, 1979 — DECIDED NOVEMBER 21, 1979.

*M. Randall Peek, District Attorney, C. David Wood, Madeline S. Griffin, Assistant District Attorneys;* for appellant.

*Hardaway Young, III,* for appellee.