## 76889. BROWN v. THE STATE.
### (371 SE2d 257)

Deen, Presiding Judge.

The appellant, Gordon Brown, a/k/a Han Peter Loris, was convicted of trafficking in cocaine and possessing marijuana in violation of the Georgia Controlled Substances Act. On appeal, he contends that the trial court erred in denying his motion to suppress the cocaine and marijuana seized during the search of the vehicle he was driving.

During the early morning hours of April 9, 1987, a Gordon County deputy sheriff observed Brown weaving off the right side of the road on I-75 and speeding 67 m.p.h. in a 55 m.p.h. zone. The deputy stopped Brown's vehicle, and noticed a "loud" odor of alcohol when Brown exited the car. Brown's speech was slurred and he kept leaning up against the back of the car. Brown produced the car's registration, which was from Illinois under the name of John Ortez, whom Brown claimed to have just met in Florida. The deputy contacted Ortez by radio, at which time Ortez denied knowing Brown or owning the car. The deputy requested Brown's permission to search the vehicle, but Brown refused. The deputy then officially placed Brown under arrest for driving under the influence and possible auto theft, advised him of his implied consent rights, and requested that he submit to a blood test, but Brown also refused to take any test.

Because Brown was under arrest and because of the question of ownership of the vehicle driven by Brown, the deputy decided to have the vehicle towed to the Sheriff's office. While awaiting arrival of the tow truck, he conducted a preliminary search of the passenger compartment, and found a marijuana cigarette in the ashtray and a bag under the armrest in which there were some plastic bags containing marijuana. He then placed a call requesting a "dope dog," which was eventually transported to the Sheriff's office, where it sniffed the vehicle and responded in the area of the trunk. The officer then went to a magistrate, obtained a search warrant, and later searched the trunk and found 2 kilos of cocaine in a canvas clothing bag. Some cocaine was subsequently discovered in a sports jacket in the back seat of Brown's vehicle and behind the back seat of the patrol car in which

Brown had been transported. *Held*:

1. Brown contends that there was no probable cause to arrest him for driving under the influence, thus rendering invalid the search of the car incident to that arrest. " ' "Probable cause exists when the facts and circumstances within the officer's knowledge are sufficient in themselves to warrant a belief by a man of reasonable caution that a crime has been committed." ' [Cit.]" *Harley v. State*, 183 Ga. App. 253, 254 (358 SE2d 653) (1987). In the instant case, Brown's vehicle was seen weaving off the road by the arresting officer; there was a strong odor of alcohol when Brown exited the car; Brown's speech was slurred, and he was unsteady on his feet. These facts provided probable cause for Brown's arrest for driving under the influence. Because Brown's arrest was lawful, the search of the passenger compartment was permissible, as incident to that arrest. *Oswell v. State*, 181 Ga. App. 35 (351 SE2d 221) (1986).

2. Relying upon *Strobhert v. State*, 165 Ga. App. 515 (301 SE2d 681) (1983), Brown also contends that the impoundment and inventory search of his vehicle was improper because the arresting officer considered no alternative to impounding the vehicle. Brown's "reliance upon *Strobhert v. State*, [cit.], is misplaced. In *Strobhert*, the defendant was not operating or occupying the vehicle that was impounded and searched; at the time of his arrest, he merely was standing next to the car, drinking a beer in a park in violation of a county ordinance. The vehicle was unconnected to the arrest." *Oswell v. State*, supra at 35.

3. Lastly, Brown contends that use of a "dope dog" prior to the issuance of a search warrant which limited the search to marijuana was overly intrusive under *Lockhart v. State*, 166 Ga. App. 555 (305 SE2d 22) (1983), and the discovery of the cocaine was not inadvertent and thus should have been suppressed because it was not within the purview of the search warrant.

In *Lockhart*, a search warrant only for untaxed whiskey was obtained, but the executing police officer took along a narcotics dog that alerted him to the presence of marijuana in the home. Under those circumstances, this court correctly held that the search exceeded the scope of the warrant, but *Lockhart* obviously is inapposite here.

On the application for the search warrant, the deputy had indicated his belief that "controlled substances or marijuana" would be found in the vehicle. The actual search warrant merely identifies the subject matter for seizure as marijuana. From these two facts Brown makes the unwarranted assumption that the deputy's application had been rejected for any controlled substance other than marijuana. Even if that were the case, the warrant authorized search of the car trunk and canvas bag which contained the cocaine, thus providing no basis for disregarding the discovery of that cocaine.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED JULY 5, 1988.

*Donald L. Ferguson,* for appellant.
*Darrell E. Wilson, District Attorney,* for appellee.