## A09A1396. PIKE v. THE STATE.
(682 SE2d 373)

JOHNSON, Presiding Judge.

Johnny Pike was charged with five counts of sexual crimes against his daughter. A jury found him not guilty of aggravated

sexual battery and aggravated child molestation, but guilty of three counts of child molestation. Pike appeals. We find no error and affirm Pike's convictions.

1. In his first enumeration of error, Pike contends the trial court erred by admitting into evidence numerous pictures that depicted his wife in various stages of undress and showed her tattoos. According to Pike, this evidence was irrelevant and protected by the marital privilege. We find no error.

The admission or exclusion of evidence that is objected to on the ground of relevancy lies within the sound discretion of the trial court, and this Court will not disturb the trial court's decision absent an abuse of that discretion.[1] Here, the photographs complained of supported the state's theory that Pike had a bent of mind and lustful disposition that involved taking pictures of family members in stages of undress.[2] The photographs were relevant to the child molestation allegation that Pike took nude photographs of his daughter, and the trial court did not abuse its discretion in allowing the admission of the photographs over Pike's relevancy objection.

The trial court also did not err in overruling Pike's marital privilege objection to the admission of the photographs because no violation of the marital privilege occurred. The marital privilege excludes the admission of communications between husband and wife.[3] But "the right to assert the marital privilege belongs to the witness, not the accused."[4] Here, Pike's wife did not testify against Pike, and the photographs do not divulge any privileged communication between Pike and his wife. In fact, many of the pictures also include Pike's daughter. In addition, the marital privilege does not apply "in proceedings in which the husband or wife is charged with a crime against the person of a minor child, but such person shall be compellable to give evidence only on the specific act for which the defendant is charged."[5] Thus even if the photographs in this case can be considered an inter-spousal communication, the marital privilege would not attach because Pike is charged with a crime against a minor child and the photographs are relevant to show Pike's bent of mind and lustful disposition toward taking pictures of family members in stages of undress.[6]

2. In his second enumeration of error, Pike maintains the trial

---

[1] *Brice v. State*, 242 Ga. App. 163, 164 (1) (529 SE2d 178) (2000).

[2] *Simpson v. State*, 271 Ga. 772, 773-774 (1) (523 SE2d 320) (1999) (pictures are admissible to show a defendant's bent of mind and lustful disposition).

[3] OCGA §§ 24-9-21 (1); 24-9-23 (a).

[4] *Duncan v. State*, 232 Ga. App. 157, 159 (1), n. 2 (500 SE2d 603) (1998).

[5] OCGA § 24-9-23 (b).

[6] See *Reaves v. State*, 284 Ga. 236, 238-239 (2) (664 SE2d 207) (2008).

court erred by admitting into evidence sexually explicit material alleged to have been removed from his computer. Pike argues that the sexually explicit material dealt with sex between adults and homosexuality, was not linked to the child molestation charges, and had no connection to the victim. We find no harmful error.

We first note that according to the trial court and our review of the record, "[n]o actual evidence of these sexually explicit files from the internet [was] introduced or viewed by the jury, only the hard drive was introduced." Thus, the issue before us is whether the trial court erred in permitting a GBI agent to testify about the sexually explicit material alleged to have been on a family computer's hard drive. The record shows that this evidence was elicited by defense counsel when cross-examining the GBI special agent. During the course of his cross-examination, the special agent responded that he "discovered numerous sexually explicit files of adults engaged in various acts of sexual intercourse, oral and anal sodomy, as well as acts — as well as acts of homosexuality." Trial counsel did not object to this testimony. Pike cannot elicit the testimony complained of on cross-examination, fail to object to the special agent's response at trial, and then claim error on appeal.[7] This enumeration of error lacks merit.

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED JULY 20, 2009 

*Phillips & Kitchings, Richard Phillips*, for appellant.
*Louie C. Fraser, District Attorney, Chad A. Pritchett, Assistant District Attorney*, for appellee.

---

[7] See *McKenzie v. State*, 284 Ga. 342, 344 (1) (667 SE2d 43) (2008).
[1] OCGA § 16-8-40 (a) (2).
[2] OCGA § 16-5-21 (a) (2).