**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN , JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**February 4, 2013**

# In the Court of Appeals of Georgia

A12A2575. BATTS v. THE STATE.

MCFADDEN, Judge.

Daymond Leroy Batts Jr. appeals his conviction for hindering the apprehension or punishment of a criminal in violation of OCGA § 16-10-50 (a) (1). Batts argues that the evidence was insufficient to support the conviction. Because there is sufficient evidence to support the jury's verdict, we affirm.

When a defendant challenges the sufficiency of the evidence supporting his criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). It is the function of the jury, not the reviewing court, to resolve

conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the evidence. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citations and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001).

Viewed in the light most favorable to the prosecution, the evidence shows that on August 28, 2008, Eugene Leslie shot and killed Jason Wade at Wade's residence. After the shooting, Leslie and his friend, Elizabeth Moore, left Wade's residence and returned to their motel room, where they called and sent text messages to Batts, who is Leslie's nephew.

Batts came to their room, and Leslie told Batts that he had killed Wade. Batts told Leslie that there was nothing he could do for Leslie, and that Leslie's best bet was to get out of town and return to New York. The next day, Batts helped Moore and Leslie move to another motel.

Although the police had been given Leslie's name, they could not locate him and began searching for him. The day after the shooting, with help from Leslie's cell phone service provider, the police were able to narrow down his location. They began surveillance in that area, spotted Batts's vehicle, and stopped it. Batts and

2

Leslie were arrested. Batts admitted that he had been in another city in Georgia with Leslie earlier that day. He also knew that the police were looking for someone that matched Leslie's description.

Under OCGA § 16-10-50 (a) (1), "[a] person commits the offense of hindering the apprehension or punishment of a criminal when, with intention to hinder the apprehension or punishment of a person whom he knows or has reasonable grounds to believe has committed a felony or to be an escaped inmate or prisoner, he [h]arbors or conceals such person." The jury was authorized to conclude beyond a reasonable doubt that Batts knew Leslie had committed a felony; that he aided in harboring Leslie by helping him move from one motel to another and by driving him to another city; and that his acts were intentional. This evidence was sufficient to support his conviction under *Jackson v. Virginia*, 443 U. S. 307. See *Moore v. State*, 94 Ga. App. 210, 215 (1) (94 SE2d 80) (1956) (evidence that defendant knew that a man had "killed [another] without justification and that by allowing him to ride in his automobile away from the scene of the crime -- albeit for only a short distance -- he aided [the man] in escaping arrest" was sufficient to support conviction).

*Judgment affirmed. Barnes, P. J., and McMillian, J., concur.*