312 Ga. 801
FINAL COPY

S21G0429. GEORGE v. THE STATE.

BOGGS, Presiding Justice.

After a 2018 jury trial, Harold William George was convicted of two counts of child molestation and related offenses. He appealed to the Court of Appeals of Georgia, which affirmed his convictions in an unpublished opinion. See *George v. State*, 357 Ga. App. XXIV (Case No. A20A0993) (October 23, 2020). In addressing one of George's four enumerations of error, the Court of Appeals rejected his argument that the search of his home exceeded the scope of the relevant search warrant, agreeing with the trial court that "[t]he police officers were not compelled to overlook relevant evidence simply because it was not specifically listed in the search warrant." (Citations and punctuation omitted.) Id., slip op. at 8 (1) (b). Both the trial court and the Court of Appeals cited *Walsh v. State*, 236 Ga. App. 558, 560 (1) (b) (512 SE2d 408) (1999), for this proposition.

We granted George's petition for certiorari, posing the

following question: "Did the Court of Appeals err in affirming the trial court's denial of the motion to suppress as to the evidence seized beyond the scope of the search warrant?" For the reasons discussed below, we conclude that the Court of Appeals did err, as neither that court nor the trial court applied the correct legal standard for a constitutional Fourth Amendment challenge to the seizure of evidence beyond the scope of a search warrant. We therefore vacate the relevant part of the Court of Appeals' judgment and remand this case for further proceedings consistent with this opinion.

The facts underlying this case were set forth by the Court of Appeals as follows. George, who was a youth minister at a church in Walton County, touched the victim's genitals on multiple occasions under the pretext of taking measurements of his body while supervising a physical conditioning program. The victim, who turned 16 during the course of the ongoing molestation, told his mother what had occurred, and the authorities were notified. After a forensic interview of the victim, the lead investigator for the Walton County Sheriff's Office obtained a search warrant for certain

2

electronic devices in George's possession.[1] Notes, papers, and other materials also were seized by the State during the search pursuant to the warrant.

George filed a pretrial motion to suppress, asserting, among other things, that the seizure of non-electronic items, such as measuring tapes, a bag, notepads, and other papers, exceeded the scope of the search warrant. The trial court denied the motion, and with respect to this specific assertion found that

> the items taken during the search did not exceed the scope of the search warrant. While the warrant specifically authorized certain items to be seized, the officers were entitled to seize other evidence, including papers not listed in the warrant, as they were not compelled to overlook relevant evidence simply because it was not listed in the warrant. *See Walsh v. State*, 236 Ga. App. 558, at 560 (1999). The search was not unlawful just because the officers seized items not listed. *Id*. Here, the measuring tape[s], papers, and notepads could all be considered relevant evidence to the officers, as the Affidavit for Search Warrant specifically mentioned Defendant measuring the victim with measuring tape and writing down such measurements. As such, the Court

---

[1] The warrant specifically described the items "to be searched for and seized" as " '[a]ny/all cellphone(s), and electronic equipment/devices including, video recorder(s), camera(s), computer(s), laptop(s), tablet(s), any device that is capable of recording images, and including but not limited to storage media such as, video tape(s), disc(s), such as DVD's & CD's.' "

finds these items were not illegally seized and thus not suppressible in any trial of the Defendant.

No witnesses testified at the hearing on George's motion to suppress, and the trial court did not conduct a hearing on George's motion for new trial. But "[i]n determining the legality of a search, this Court can consider all evidence of record, including that found in pretrial, trial and post-trial proceedings." (Citations omitted.) *Fritzius v. State*, 225 Ga. App. 642, 645 (484 SE2d 743) (1997). See also *Wright v. State*, 294 Ga. 798, 802 (2) (756 SE2d 513) (2014) (In reviewing order denying motion to suppress identification testimony, "this court may consider the evidence adduced both at the suppression hearing and at trial." (Citation and punctuation omitted.)).

At trial, the lead investigator testified that she was looking for any evidence that would support the victim's statement, "which would be measuring tapes, any kind of electronic devices, notes, measurements, anything that the child mentioned during his forensic interview." She took a measuring tape, a calendar, and other

papers from inside George's briefcase or bag, as well as notepads, a book, another measuring tape, and other items from inside several drawers in the residence. The investigator read and examined the contents of the various written or printed materials, including pieces of paper "folded up and slipped into the back" of the notepads. Some of these items contained the names of the other-acts witnesses who testified at trial.

At a jury trial from June 11 to 14, 2018, George was convicted of two counts of child molestation, two counts of enticing a child for indecent purposes, and six counts of sexual battery. He filed a motion for new trial, asserting, among other things, that the trial court erred in denying his motion to suppress items he contended were outside the scope of the search warrant. The trial court considered the motion on the briefs after the parties "agreed that a hearing was unnecessary." In its order denying the motion, the trial court did not further analyze its ruling on the motion to suppress, but simply recited, "For the reasons stated in the Court's previously issued Order denying Defendant's Motion to Suppress, Defendant's

5

Motion was properly denied by the Court."

George appealed to the Court of Appeals, which quoted the trial court's order on the motion to suppress and then stated, "We agree," quoting the same language from *Walsh*. The Court of Appeals noted that the seized evidence was relevant because "[t]he investigator was aware of George's modus operandi of allegedly taking muscle measurements as a way to get access to the victim's genitalia and that he recorded the measurements on paper and in an electronic device." The court further noted, "The officers were not required to overlook related evidence just because it was not listed in the warrant," citing *Allison v. State*, 299 Ga. App. 542, 545 (1) (683 SE2d 104) (2009).

In effect, the Court of Appeals concluded that the State need only show that evidence was "relevant" or "related" to the matter under investigation to justify the seizure of evidence outside the scope of a search warrant. But that conclusion was erroneous, as was the holding in *Walsh*, because the seizure of such evidence not subject to any other exception to the warrant requirement must

6

comply with the well-established plain view doctrine.

In describing that doctrine, the United States Supreme Court has explained:

> It is, of course, an essential predicate to any valid warrantless seizure of incriminating evidence that the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed. There are, moreover, two additional conditions that must be satisfied to justify the warrantless seizure. First, not only must the item be in plain view, its incriminating character must also be "immediately apparent." . . . Second, not only must the officer be lawfully located in a place from which the object can be plainly seen, but he or she must also have a lawful right of access to the object itself.

(Citations and footnote omitted.) *Horton v. California,* 496 U. S. 128, 136-137 (II) (110 SCt 2301, 110 LE2d 112) (1990).

This Court, applying the plain view doctrine established in *Horton*, similarly has outlined the requirements for the seizure of evidence under that doctrine:

> For evidence to be admissible under that doctrine, the officer collecting the evidence must not have violated the Fourth Amendment in arriving at the place from which he or she sees the evidence. Moreover, the incriminating nature of the object must be "immediately apparent." This requirement means that the officer must have probable

7

cause to believe that the item in question is evidence of a crime or is contraband.

(Citations, punctuation and footnotes omitted.) *Moss v. State*, 275 Ga. 96, 104 (14) (561 SE2d 382) (2002).

For the plain view exception to apply, the item in question must be clearly visible, and the officer may not manipulate or disturb it in order to acquire probable cause to believe the item is evidence of a crime. In *Arizona v. Hicks*, 480 U. S. 321 (107 SCt 1149, 94 LE2d 347) (1987), the United States Supreme Court held that moving a piece of stereo equipment to locate a serial number constituted a new search, distinct from the initial, authorized search, because the state conceded that the officer did not have probable cause to believe that the equipment was stolen until he moved it in order to locate the serial number. 480 U. S. at 326-327 (III). We noted the *Hicks* rule in *Glenn v. State*, 302 Ga. 276, 283 (IV) (806 SE2d 564) (2017), but concluded that it did not apply to the facts in *Glenn*. There, a police officer observed a cell phone in plain view on the floor near the door of the apartment where officers were

lawfully executing a search warrant, and the officer "knew that a phone of the same model was missing from the victim's car, and thus had probable cause to believe that the cell phone he saw had been stolen from the victim and was evidence of a crime." Id. at 283 (IV). This probable cause made the seizure of the phone reasonable even though it was not specifically listed in the search warrant. See id.

We also have specifically applied the plain view standard with respect to written materials and other documentary evidence. In *Reaves v. State*, 284 Ga. 236 (664 SE2d 207) (2008), we held that the trial court erred in stating the plain view test as "whether the police reasonably could have believed that the documents would aid in the prosecution of the crime under investigation." (Punctuation omitted.) Id. at 238 (1) (b). We pointed out that this standard "was more lenient than the proper standard," noting that "[i]n applying the plain view exception to documents, the proper standard is whether the documents' evidentiary value is immediately apparent upon a mere glance or cursory inspection." (Citation omitted.) Id. See also *Brown v. State*, 269 Ga. 830, 831 (1) (504 SE2d 443) (1998)

9

(plain view exception inapplicable when incriminating character of "piece of paper" observed by officer not "immediately apparent").[2]

We therefore conclude that the Court of Appeals' decision in *Walsh* is one of a line of that court's cases that failed to apply the correct plain view standard to evidence seized outside the scope of a warrant. See, e.g., *Brown v. State*, 260 Ga. App. 627, 629 (1) (580 SE2d 348) (2003); *Schwindler v. State*, 254 Ga. App. 579, 582 (1) (563 SE2d 154) (2002), overruled on other grounds, *State v. Lane*, 308 Ga. 10, 25 (838 SE2d 808) (2020); *McBee v. State*, 228 Ga. App. 16 (491 SE2d 97) (1997). The problematic language seems to have originated in *McBee*, which relied in part upon this Court's decision in *Jarvis v. Rubiano*, 244 Ga. 735, 737 (2) (261 SE2d 645) (1979): "The fact that the police officers seized items not listed in the warrant did not

---

[2] Whether the papers that were seized from George's home were "private papers" pursuant to OCGA § 17-5-21 (a) (5) or (b), and to what extent those Code provisions provide additional state-law protection over and above that of the federal Fourth Amendment, were not raised in the trial court or the Court of Appeals. See generally *Brogdon v. State*, 287 Ga. 528, 534 (2) (697 SE2d 211) (2010) (hospital's records of medical treatment not "private papers" pursuant to OCGA § 17-5-21 (a) (5) because not personal property of appellant and not seized from his possession).

render the search a general one or make it unlawful." (Citations and punctuation omitted.) But the *McBee* court's reliance on this language was misplaced.[3]

In *Jarvis*, this Court reviewed a grant of habeas corpus relief on the ground of ineffective assistance of trial counsel. The habeas court had concluded that counsel was deficient in failing to file a motion to suppress a necklace not described in the search warrant, but described in the affidavit for the warrant, and "discovered by the police *in plain view* during the search." (Emphasis supplied.) 244 Ga. at 736. The affidavit identified a number of items reportedly worn or used by the perpetrator, including a distinctive silver necklace, but the necklace was omitted from the search warrant itself. See id. Jarvis' trial counsel testified at the habeas hearing that the omission of the necklace from the warrant "was an inadvertent 'typo'" by the secretary who prepared both the warrant and the affidavit. Id. at 738 (2). In light of that obvious mistake, he

_____

[3] The *McBee* court also relied upon *Brown v. State*, 187 Ga. App. 714, 715 (371 SE2d 257) (1988). *McBee*, 228 Ga. App. at 21 (3). *Brown*, however, did not rely upon or even mention the question at issue here.

believed a more effective trial tactic was to challenge the importance of the necklace in questioning the police witness, given its omission from the search warrant. We held that under those circumstances, the habeas court erred in finding counsel ineffective. See id. Nothing in *Jarvis*' narrow ineffectiveness holding in that habeas case suggested the expansive interpretation adopted by the Court of Appeals in *McBee*.

The Court of Appeals, however, has continued to rely upon *McBee* and *Walsh* to apply an incorrect "relevance" standard rather than the correct plain view analysis. In addition, other decisions of the Court of Appeals repeat this misstatement of the law, even while they acknowledge the plain view doctrine. For example, in *Allison*, the appellant contended that three items seized by sheriff's deputies were outside the scope of the search warrant. See 299 Ga. App. at 545 (1). The Court of Appeals specifically noted and applied the requirement that the items in question be in plain view, but also cited *Walsh* for the proposition that "police officers are not compelled to overlook relevant evidence simply because it is not listed in the

search warrant." Id. Similarly, in *Smith v. State*, 274 Ga. App. 106 (616 SE2d 868) (2005), the Court of Appeals cited and relied upon the plain view doctrine, see id. at 110 (4), but then cited *McBee* to hold that "[t]he fact that the police officers seized items not listed in the warrant did not render the search a general one or make it unlawful." (Citations and punctuation omitted.) Id. at 111 (4).

In sum, the Court of Appeals has erred in considering the relevance of evidence alone as justifying its seizure outside the scope of a search warrant, without considering whether the requirements of the plain view doctrine have been met. We therefore overrule *McBee*, *Walsh*, and their progeny, to the extent those decisions suggest that relevance alone is a sufficient basis to seize items beyond the scope of a search warrant. And because the trial court here relied upon *Walsh*, determining only that the evidence in question was relevant, it erred.

Because the trial court did not apply the correct legal standard, it should have an opportunity to rule again on George's motion to suppress, applying the correct legal standard to the existing record.

13

See *Reaves*, 284 Ga. at 237-238 (1) (on interim review, vacating and remanding case for trial court to apply correct plain error standard). See also *Welbon v. State*, 301 Ga. 106, 110-111 (2) (799 SE2d 793) (2017) (on appeal of conviction, remanding case for trial court to apply correct legal standard on motion to suppress appellant's statement to police detective).

Accordingly, we vacate the Court of Appeals' opinion and remand the case to that court with instructions for it to vacate the trial court's order on George's motion for new trial and remand the case to the trial court with direction to reconsider the motion consistent with the law set forth in this opinion.

*Judgment vacated in part and case remanded with direction. All the Justices concur.*

Decided November 2, 2021.

Certiorari to the Court of Appeals of Georgia — 357 Ga. App. XXIV.

*Crawford & Boyle, Eric C. Crawford*, for appellant.

*Randal M. McGinley, District Attorney, Jacqueline P. Fletcher, K. Nicole Smith, Assistant District Attorneys*, for appellee.