**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and LAND, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**August 3, 2022**

# In the Court of Appeals of Georgia

A22A0831. HANEY v. THE STATE.

McFADDEN, Presiding Judge.

After a jury trial, Guy Haney was convicted of hindering the apprehension or punishment of a criminal. He appeals the denial of his motion for new trial. Haney argues that the evidence was insufficient to support his conviction. We hold that the evidence was sufficient. He argues that the trial court erred by admitting a statement he made to a law enforcement officer because he had been arrested but not given a *Miranda* warning. See *Miranda v. Arizona*, 384 U. S. 436 (86 SCt 1602, 16 LE2d 694) (1966). We hold that the statement was admissible; the trial court was authorized to conclude, in light of the dangerous circumstances, that the officers had effected an investigatory detention rather than an arrest. He argues that trial counsel was ineffective because he did not request a jury instruction on coercion and that the trial

court plainly erred by failing to instruct the jury on coercion even absent a request. We hold that the evidence did not support a jury instruction on coercion so trial counsel did not perform deficiently by failing to request such an instruction and the trial court did not plainly err by failing to give such an instruction sua sponte. So we affirm.

1. *Sufficiency of the evidence*.

Viewed in the light most favorable to the jury's verdict, *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979), the evidence shows that the United States Marshals had received information that a person named Tyler Aycock was on Haney's property. Aycock had three outstanding felony warrants, including one for felony obstruction of law enforcement officers: Aycock had shot at the law enforcement officers. Law enforcement officers from five different agencies gathered at a business near Haney's property, planning to serve the warrants on Aycock.

Four or five officers approached Haney's property to clear a mobile home before the other officers advanced. About eight officers waited nearby. While the mobile home was being cleared, a "shots fired" warning was called out to the officers waiting nearby. The waiting officers rushed to the property.

2

Haney was inside the mobile home. Officers walked him out and forced him to the ground, face down. An officer sat Haney up and handcuffed him. The officer informed Haney that he was being detained for the safety of officers and for his own safety, but that he was not under arrest. The officer asked Haney whether anyone else was on the property, and Haney responded that Aycock and his girlfriend were in another structure on the property, a dilapidated house, from which the gunshots had been fired. The officer asked Haney whether he knew that Aycock had outstanding felony warrants. Haney responded that he knew that there were warrants for Aycock's arrest, but that he "was just trying to help him out." The officer then arrested Haney for hindering the apprehension of a criminal.

Haney testified in his own defense. He testified that Aycock's girlfriend had spent the night on his property. The next night, Haney was in his mobile home with two other men and the girlfriend when someone knocked on the door. When Haney opened the door, Aycock was there, pointing a pistol at him. Haney knew that Aycock was a member of the Ghostface gang. He also knew that Aycock had shot at law enforcement officers and was on the run. Haney convinced Aycock to allow him to leave with the two men who were with him in the mobile home, but then Haney returned.

Eventually Aycock left the mobile home and went to the other structure on the property, the dilapidated house. Haney drove the girlfriend to meet someone at a restaurant. Haney and the girlfriend returned to Haney's property, the girlfriend walked over to the dilapidated house, and Haney went into his mobile home. Law enforcement arrived after that. In total, Aycock was on Haney's property for about 30 hours.

OCGA § 16-10-50 (a) (1) provides that "[a] person commits the offense of hindering the apprehension or punishment of a criminal when, with intention to hinder the apprehension or punishment of a person whom he knows or has reasonable grounds to believe has committed a felony or to be an escaped inmate or prisoner, he . . . [h]arbors or conceals such person[.]" Haney argues that the evidence is insufficient to support his conviction because there was no evidence that he intended to hinder the apprehension of Aycock. We disagree.

"A person will not be presumed to act with criminal intention but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." OCGA § 16-2-6. Haney told the arresting officer that he knew Aycock had outstanding felony warrants, but that he "was just trying to help him out." From

the evidence, "[t]he jury was authorized to conclude beyond a reasonable doubt that [Haney] knew [Aycock] had committed a felony; that he aided in harboring [Aycock] by [allowing him to stay on Haney's property]; and that his acts were intentional. This evidence was sufficient to support his conviction under *Jackson v. Virginia*, 443 U. S. 307." *Batts v. State*, 319 Ga. App. 655, 656 (738 SE2d 109) (2013).

2. *Admission of Haney's statement to the arresting officer.*

Haney argues that the trial court erred by admitting his statement to the arresting officer that he knew there were outstanding warrants for Aycock's arrest. Haney argues that when he made the statement, he had been restrained to the degree associated with a formal arrest, so law enforcement officers should have informed him of his rights under *Miranda*. Because they did not, he argues, the trial court should have excluded his statement to the officer. We hold that the trial court did not err by admitting the statement.

"*Miranda* warnings must be administered to an accused who is in custody and subject to interrogation or its functional equivalent. A person is considered to be in custody and *Miranda* warnings are required when a person is (1) formally arrested or (2) restrained to the degree associated with a formal arrest." *State v. Troutman*, 300 Ga. 616, 617 (1) (797 SE2d 72) (2017) (citation omitted). "Unless a reasonable

5

person in the suspect's situation would perceive that he was in custody, *Miranda* warnings are not necessary." *Ward v. State*, 313 Ga. 265, 274 (4) (b) (869 SE2d 470) (2022) (citations omitted).

> Whether a defendant was in custody for purposes of *Miranda* is a mixed question of fact and law. We apply de novo the relevant legal principles to the facts, and we accept the trial court's findings on disputed facts and credibility of witnesses unless clearly erroneous, and construe the evidence most favorably to uphold the findings and judgment of the trial court. Where, as here, the trial court was not required to make explicit factual findings or credibility determinations on the record, and in fact did not do so, we assume that the trial court implicitly resolved all disputes of fact and credibility in favor of its ruling, and we generally accept such implicit factual findings unless clearly erroneous.

*State v. Walden*, 311 Ga. 389, 389-390 (858 SE2d 42) (2021) (citations and punctuation omitted). We may consider in our review "all evidence of record, including that found in pretrial, trial and post-trial proceedings." *George v. State*, 312 Ga. 801, 803 (865 SE2d 127) (2021) (citations omitted).

The trial court conducted a pretrial *Jackson-Denno* hearing, see *Jackson v. Denno*, 378 U.S. 368 (84 SCt 1774, 12 LE2d 908) (1964), at which the arresting officer was the only witness to testify. The officer testified that after officers cleared

6

the trailer, they walked Haney out and the arresting officer handcuffed him and told him that he was detained for his safety and officer safety. The arresting officer testified that he asked Haney whether anyone else was on the property and that Haney responded that Aycock and his girlfriend were there. The officer testified that he asked Haney whether he knew that Aycock had felony warrants; that Haney responded yes and that he was "just trying to help him out"; and that at this point, the officer arrested Haney for hindering.

At the conclusion of the hearing, the trial court ruled that Haney had been detained for officer safety and to secure the premises, but that he was not under arrest, so that his statement was admissible.

The trial began, and at the close of the state's presentation of evidence, the court reconsidered his ruling on the admissibility of Haney's statement in light of the arresting officer's trial testimony. See *State v. Brodie*, 216 Ga. App. 198, 199 (453 SE2d 786) (1995) (a trial court may reconsider its ruling on a motion to suppress). That testimony included that Haney had been "taken to the ground" and that the arresting officer explicitly had informed Haney that he was being detained for officer safety but that he was not under arrest. The court reaffirmed his ruling, concluding that Haney's statement was voluntary and not custodial. So the court ruled that

7

Haney's statement was admissible notwithstanding the fact that the officer had not read him the *Miranda* warning.

"[I]n sufficiently dangerous circumstances, officers may handcuff a [person] as part of an investigatory detention without transforming the detention into a de facto arrest." *Gray v. State*, 296 Ga. App. 878, 880 (1) (676 SE2d 36) (2009). See also *Holsey v. State*, 271 Ga. 856, 861 (6) (524 SE2d 473) (1999) ("in sufficiently dangerous circumstances, law enforcement officers may effect and maintain investigatory detentions by drawing weapons and forcing defendants to lie face down with arms and legs spread" without transforming the detention into an arrest).

In this case, Haney

> was handcuffed for purposes of officer safety after [law enforcement officers had just heard shots fired on the property—where they believed a person wanted for previously shooting at officers was hiding. B]ut he was explicitly told at that time that he was not under arrest and that the handcuffs were for both the officers' safety and his own. Accordingly, a reasonable person would not have felt that he or she was under formal arrest at that point. Therefore, . . . any statements made by [Haney] between the time he was placed in handcuffs and the point when the officer[ arrested him] were admissible even in the absence of *Miranda* warnings.

*State v. Austin*, 310 Ga. App. 814, 820-821 (2) (714 SE2d 671) (2011) (citations and punctuation omitted). See also *Bowling v. State*, 289 Ga. 881, 888 (4) (a) (717 SE2d 190) (2011) (since defendant was not in custody at the time of arresting officer's initial inquiries, his responses to those inquiries were admissible, even absent a *Miranda* warning).

3. *Jury instruction on coercion*.

Haney argues that trial counsel was ineffective for failing to request a jury instruction on the defense of coercion. He also argues that the trial court erred by failing to instruct the jury, sua sponte, on that defense. We hold that the evidence does not support a defense of coercion, so trial counsel was not ineffective for failing to request such an instruction and the trial court did not plainly err by failing to instruct on that defense sua sponte.

Under OCGA § 16-3-26, which defines the defense of coercion, "[a] person is not guilty of a crime, except murder, if the act upon which the supposed criminal liability is based is performed under such coercion that the person reasonably believes that performing the act is the only way to prevent his imminent death or great bodily injury." However, "coercion is a defense only if the person coerced has no reasonable

9

way, other than committing the crime, to escape the threat of harm." *Brinson v. State*, 244 Ga. App. 40, 42 (537 SE2d 370) (2000) (citation and punctuation omitted).

Here, the evidence did not support a defense of coercion because it demonstrated that Haney had a reasonable way to escape any threat of harm posed by Aycock. Haney himself testified that twice while Aycock was at his property, Haney left the property but returned even though he knew that Aycock was or may still have been there. Because the evidence did not support a coercion defense, trial counsel was not deficient in failing to request an instruction on that defense, *Satterfield v. State*, 309 Ga. 843, 847 (2) (a) (849 SE2d 165) (2020), and Haney was not entitled to a jury instruction on that defense. *Redding v. State*, 311 Ga. 757, 762-763 (3) (858 SE2d 469) (2021). So Haney "has not met his high burden of establishing plain error[]" for the trial court's failure to give such an instruction sua sponte." Id.

*Judgment affirmed. Gobeil and Land, JJ., concur.*